**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LUQUON WILLIAMS : | |
| 546 Lincoln Avenue : | |
| Orange, NJ 07050 : | |
| : | |
| vs. : | |
| : | |
| NATIONAL RAILROAD PASSENGER : | |
| CORPORATION (AMTRAK) : | JURY TRIAL DEMANDED |
| 60 Massachusetts Avenue, NE : | |
| Washington, DC 20002 : | |

**COMPLAINT**

     1.    The Plaintiff herein, Luquon Williams, is a citizen of the State of New Jersey residing at 546 Lincoln Avenue, Orange NJ 07050.

     2.    Defendant, National Railroad Passenger Corporation (hereinafter referred to as "Amtrak"), is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with its principle place of business at the above address.

     3.    The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act", and under "The Federal Safety Appliance Act", Title 45, U.S.C.A., Sec. 1-16 inclusive and under "The Federal Boiler Inspection Act", Title 45, U.S.C.A., Sec. 22-34, inclusive.

     4.    All the acts alleged to have been done or not to have been done by the Defendant were done or not done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of its employment for and on behalf of the Defendant.

5. At all time material hereto, Plaintiff was employed by Defendant.

6. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the Defendant, its agents, servants and/or employees.

7. On or about August 11, 2014, and for some time prior thereto, Plaintiff was employed by Defendant, Amtrak as a lineman and on that date in the performance of his duties he sustained the serious, permanent and painful personal injuries, more particularly hereinafter described when he was caused to trip and fall over materials while carrying a heavy bracket in a confined, poorly lit area at the Sunnyside Yard. Plaintiff was caused to sustain injuries to his hip, back, and shoulder due to the negligence and carelessness of the Defendant. As a result, Plaintiff sustained severe personal injuries hereinafter described.

8. The negligence and carelessness of the Defendant consisted of the following, inter alia:

   a) Failing to provide Plaintiff with a safe place to work;

   b) Failing to provide Plaintiff with a work area that was not defective

   c) Failing to warn plaintiff of the existence of said dangerous condition;

   d) Failing to make the work area reasonable safe for working conditions;

   e) Failing to maintain said area in a condition which would protect and safeguard the Plaintiff;

   f) Failing to correct the dangerous conditions existing thereon;

   g) Failing to train;

   h) Failing to properly implement training/procedure changes.

9. As a result of the aforesaid negligence of Amtrak, Plaintiff suffered a labral tear in his hip, herniated disc in his back, injury to his right shoulder, and injury to his nervous system

thereby causing pain to this day. Plaintiff has been advised that some or all of these injuries may be permanent in nature.

10. As a result of the aforesaid, Plaintiff has and may hereafter incur a medically determinable physical or mental impairment which prevents Plaintiff from performing all or substantially all of the material acts and duties which constitute his usual and customary daily activities.

11. As a result of the aforesaid, Plaintiff has and may suffer a severe loss of his earnings and impairment to his earning capacity and power.

12. As a further result of the negligence of the Defendant, the Plaintiff has undergone great physical pain and mental anguish and will continue to endure the same for an indefinite time in the future, all to his great detriment and loss.

13. As a further result of the aforesaid, Plaintiff has been obliged to expend large sums of money for medicines and medical care and attention in and about an effort to effect a cure of his aforesaid injuries, and he will be obliged to continue to expend large sums of money for the same purposes for an indefinite time in the future, all to his great detriment and loss.

**WHEREFORE**, the plaintiff, Luquon Williams, claims of the defendant, a sum in excess of **ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00)** together with interest and costs and brings this action to recover same.

**KELLER & GOGGIN, P.C.**

By: /s/ *James M. Duckworth*
James M. Duckworth, Esquire
Attorney I.D. No. 033861998
1528 Walnut Street
Suite 900
Philadelphia, PA   19102
(215) 735-8780
Attorneys for Plaintiff

## **VERIFICATION**

I, _LaDawn Williams_, have read the foregoing. The statements herein are correct to the best of my personal knowledge, information and/or belief. This statement and verification is made subject to the penalties or 18 Pa. C.S.A.Sec. 4904 relating to unsworn falsifications to authorities, which provide that if I knowingly make false averments, I may be subject to criminal penalties.

_____